

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

June 28, 1989

Honorable John T. Montford
Chairman
State Affairs Committee
Texas State Senate
P. O. Box 12068
Austin, Texas   78711

Opinion No.   JM-1065

Re:  Whether the Lubbock Power
and Light Company may contract
with the  Texas Tech  Research
Foundation if  a Lubbock  city
councilman is chairman of  the
foundation board of directors
(RQ-1676)

Dear Senator Montford:

You request  an  opinion about  possible  conflicts  of
interest involving a proposed  contract between the city  of
Lubbock, acting  through Lubbock  Power and  Light, and  the
Texas Tech University  and Health  Sciences Center  Research
Foundation,  a  nonprofit   corporation  which  is   closely
associated with  Texas Tech  University.   A member  of  the
Lubbock City  Council serves  as chairman  of the  board  of
directors of the Texas  Tech Research Foundation. You   wish
to know how the  laws on dual  office holding, dual  agency,
and conflict of  interest for state  and municipal  officers
affect this  individual's participation  in the  contracting
process.

Article XVI,  section  40, of  the  Texas  Constitution
prevents one person from holding or exercising "at the  same
time, more than one civil office of emolument."  It is  well
established that a city council member is a civil officer of
emolument within this provision if he receives  compensation
for his service.  See, e.g., Tilley  v. Rogers, 405  S.W.2d
220 (Tex. Civ.  App. -  Beaumont 1966,  writ ref'd  n.r.e.);
Attorney General Opinion MW-39  (1979); Letter Advisory  No.
154 (1978).  Article XVI, section 40, will not apply in this
case unless the chairman of the foundation board also  holds
or exercises a civil office of emolument.

The Lubbock  city  attorney's office  has  submitted  a
brief discussing the  status of  the foundation's  directors
and a  copy of  the  by-laws of  Texas Tech  University  and
Health Sciences  Center  Research Foundation.   The  by-laws

identify the foundation as a nonprofit corporation organized to support research projects and associated educational undertakings at the university and health sciences center and to seek and obtain contracts, grants, and gifts for the advancement of such research, as well as similar and related purposes set out in articles I and II of the by-laws. According to article IV, the eleven members of the board of directors serve three-year terms. Seven are appointed by the Board of Regents of Texas Tech University, and the remaining four members are appointed by the Board of City Development of Lubbock. Several ex-officio non-voting members are drawn from the university administration.

Article V of the foundation by-laws provides that the directors elect the chairman, who is the chief executive officer of the foundation. He or his designee is responsible for negotiating service contracts with other agencies. Contracts and agreements with other agencies must be approved and executed by both the chairman or his designee and the executive director. The executive director is appointed by the board of regents upon the recommendation of the foundation and may be dismissed by the regents. He is custodian of the funds and the financial records of the foundation. See generally V.T.C.S. art. 1396-2.23B (audit or financial report required of nonprofit corporations assisting state agencies). Article X of the by-laws grants the board of regents final approval of amendments to the foundation's by-laws.

In addressing your question about dual office holding, we must determine whether the chairman of the board of directors is a civil officer of emolument within article XVI, section 40, of the Texas Constitution. We will not address any other legal issues raised by the relationship between the university and the foundation. See generally Attorney General Opinion H-1309 (1978). Our answer will be based on the by-laws which have been submitted to us and will not undertake the investigation or resolution of fact questions.

The definition of public officer also applies to a civil officer within article XVI, section 40, of the constitution. Attorney General Opinion MW-415 (1981). A public officer is an individual upon whom a "sovereign function of the government is conferred," to be exercised for the benefit of the public largely independent of the control of others. Aldine Indep. School Dist. v. Standley, 280 S.W.2d 578, 583 (Tex. 1955).

No sovereign function of the government is conferred upon the chairman of the foundation board of directors. He does not exercise governmental authority over the university by delegation from the legislature or by the board of regents from its statutory authority to manage and operate Texas State Technical Institute. See Educ. Code § 135.24. His authority derives from and is exercised on behalf of the nonprofit corporation, a private entity. See generally Attorney General Opinions JM-852 (1988) (nonprofit corporation distinguished from a state-supported institution of higher education); JM-782 (1987) (employee of a nonprofit corporation which provides transportation services is not an employee of a state agency or political subdivision). The by-laws give the board of regents control over the executive director of the foundation and veto power over amendments to the by-laws, but do not authorize the regents to control the chairman of the board. Nor has the chairman any authority to govern the university. Accordingly, he is not a public officer, a public employee, or a civil officer within article XVI, section 40, of the Texas Constitution. This provision of the constitution does not prevent a member of the Lubbock City Council from serving as chairman of the Texas Tech Research Foundation board of directors.

In view of our decision that the chairman of the board of directors of the foundation is not a public officer or employee, we need not consider the conflict of interest doctrines that apply to state officials. See, e.g., Attorney General Opinions JM-852 (1988) (contract between city council and university which employs city council members); JM-817 (1987) (contract between state university and firm in which regent has a financial interest).

You finally inquire about conflict of interest provisions applicable to municipal officials. The city attorney's brief discusses the conflict of interest provisions of the Lubbock City Charter. We will not, however, interpret these provisions. See Attorney General Opinion JM-846 (1988).

Chapter 171 of the Local Government Code applies to conflicts of interest of "local public officials," including members of the governing body of a city. Local Gov't Code § 171.001(1). Under the conditions described in chapter 171, a local public official is barred from participation in a vote or decision involving a business entity in which he has a substantial interest. Id. § 171.003. A "business entity" includes a nonprofit corporation. Attorney General Opinions JM-852 (1988); JM-424 (1986). A person who owns a

specified percentage of voting stock or a certain amount of the fair market value of a business entity has a substantial interest in it, as does one who receives funds from it in excess of 10 percent of his gross income for the previous year. Local Gov't Code § 171.002 (as amended by Acts 1987, 70th Leg., ch. 362, § 2, at 1799.)[1]

A memorandum from the Lubbock city attorney's office states that the foundation's directors do not receive compensation, but they are reimbursed for some expenses and receive token gifts, including commemorative awards such as plaques. These gifts have never exceeded $200 per board member, per year. The brief from the city of Lubbock concludes that the city council member does not have a substantial financial interest in the foundation, since it is highly unlikely that $200 in gifts would amount to 10 percent of his gross income. In the absence of contrary facts, we will assume that the city council member's receipt of $200 per year from the foundation does not constitute a substantial interest in it. Accordingly, chapter 171 of the Local Government Code does not apply to his participation in votes or decisions of the Lubbock City Council on the proposed agreement with the Texas Tech Research Foundation. He may participate in those proceedings. See Attorney General Opinion JM-424 (1986) (policy against dual agency does not prohibit contracts authorized under former article 988b, V.T.C.S., recodified as chapter 171 of the Local Government Code).

### S U M M A R Y

The chairman of the board of directors of the Texas Tech University and Health Sciences Center Research Foundation, a nonprofit corporation closely associated with Texas Tech University, does not occupy or exercise a civil office of emolument within article

---

1. Former article 988b, V.T.C.S., was recodified as chapter 171 of the Local Government Code by the 70th session of the legislature. Acts 1987, 70th Leg., ch. 149. The same session of the legislature adopted amendments to former article 988b, V.T.C.S., without reference to the legislature's repeal and recodification of that provision. The amendments are preserved and given effect as part of the code provision. Gov't Code § 311.031(c).

XVI, section 40, of the Texas Constitution. This constitutional provision does not bar a city councilman of the city of Lubbock from serving as chairman of the foundation's board of directors.

If the city councilman does not have a substantial interest in the Texas Tech Research Foundation as defined by chapter 171 of the Local Government Code, that statute does not bar him from participating in votes and decisions of the city council concerning agreements between the city and the foundation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General